UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL M. CLAPP,

                                    Plaintiff,

                    -against-                                    24-CV-0324 (PMH)

CAPT. STEVE VAIL; ROCKLAND COUNTY                    **ORDER OF SERVICE**
COURT; SHERIFF LOUIS FALCO, III; CHIEF
KARL MUELLER,

                                    Defendants.

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is detained at the Rockland County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated July 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 7.) For the reasons set forth below, the Court directs the Clerk of Court to (1) replace Defendant Rockland County Court with Rockland County, pursuant to Rule 21 of the Federal Rules of Civil Procedure; and (2) prepare the necessary paperwork for service on Captain Steve Vail; Rockland County; Sheriff Louis Falco, III; and Chief Karl Mueller.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). But the "special solicitude" in *pro se* cases, *id*. at 475, has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.    Claims against Rockland County Court**

Plaintiff may not assert claims under Section 1983 against Rockland County Court. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws" of the United States. *Id.* The Rockland County Court is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. App. Div., Second Dep't Sup. Ct.*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of Section 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). The Court therefore dismisses Plaintiff's claims against Rockland County Court for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and likely intention to assert claims against Rockland County, the Court construes the complaint as asserting claims against Rockland County and directs the Clerk of Court to amend the caption of this action to replace Rockland County Court with Rockland County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Rockland County may wish to assert.

**B.    Service on Captain Steve Vail; Rockland County; Sheriff Louis Falco, III; and Chief Karl Mueller**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Capt. Steve Vail; Rockland County; Sheriff Louis Falco, III; and Chief Karl Mueller, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Rockland County Court. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to (1) replace the Rockland County Court with Rockland County as a defendant in this action, and (2) amend the caption of this action to replace "Rockland County Court" with "Rockland County." *See* Fed. R. Civ. P. 21.

---

summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

The Clerk of Court is further directed to (1) issue summonses for Defendants Captain Steve Vail; Rockland County; Sheriff Louis Falco, III; and Chief Karl Mueller; (2) complete the USM-285 forms with the addresses for these defendants; and (3) deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

**SO ORDERED.**

Dated:   White Plains, New York
         July 17, 2024

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.  Capt. Steve Vail
    Rockland Supreme and County Court
    1 South Main Street
    New City, New York 10956

2.  Rockland County
    Rockland County Law Department
    11 New Hempstead Road
    New City, New York 10956

3.  Sheriff Louis Franco, III
    Rockland County Sheriff's Office
    55 New Hempstead Road
    New City, New York 10956

4.  Chief Karl Mueller
    Rockland County Jail
    53 New Hempstead Road
    New City, New York 10956