UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL M. CLAPP,

                     Plaintiff,

-against-

CAPT. STEVE VAIL, et al.

                     Defendants.

**OPINION & ORDER**

24-CV-00324 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Joel M. Clapp ("Plaintiff"), proceeding *pro se*, commenced this action in January 2024, pressing claims for violations of his constitutional rights and state-law negligence against Rockland County, Sheriff Louis Falco, III, Chief Karl Mueller (together, the "County Defendants"), and Captain Steve Vail ("Vail" and together with the County Defendants, "Defendants"). (Doc. 1).[1] By order dated July 1, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (Doc. 7).

    Pending before the Court are Defendants' motions to dismiss under Rule 12(b)(6)[2] and to revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g).[3]

---

[1] Plaintiff named Rockland County Court as a defendant. However, on July 19, 2024, the Court *sua sponte* substituted Rockland County Court with Rockland County pursuant to Federal Rule of Civil Procedure 21. (Doc. 9).

[2] The County Defendants also move pursuant to 42 U.S.C. § 1997e(c). (Doc. 23).

[3] Local Civil Rule 7.1(a)(1) provides that "[a] notice of motion . . . must specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion." Neither Defendants' Notices of Motion mention § 1915(g). (Docs. 21, 23). "While failure to comply with the Local Rules is, on its own, a sufficient ground to warrant denial of a motion, the Court has discretion to overlook a failure to comply with Local Rule 7.1[.]" *Delux Pub. Charter, LLC v. Cnty. of Westchester, New York*, No. 22-CV-01930, 2024 WL 3252948, at *12 n.11 (S.D.N.Y. July 1, 2024). The Court does so here and construes Defendants' motions as also seeking the revocation for Plaintiff's IFP status under 28 U.S.C. § 1915(g). Defendants' respective supporting memoranda of law, filed the same day as their motions, explain in detail why § 1915(g) bars Plaintiff from proceeding IFP. (Doc. 22 at 9-10; Doc. 25 at 12). Plaintiff therefore cannot credibly claim that he lacked notice. *See Brown v. New York City Dep't of Educ.*, 755 F.3d 154, 160 (2d Cir. 2014). Moreover, Plaintiff responded to Defendants' § 1915(g) arguments (Doc. 28 at 1),

Defendants filed their respective motions on October 7, 2024. (Doc. 21; Doc. 22, "Def. Vail Br."; Doc. 23; Doc. 24; Doc. 25, "Cnty. Def. Br."; Doc. 26). Plaintiff filed his opposition on October 15, 2024. (Doc. 28, "Opp."). The County Defendants filed their reply on November 5, 2024. (Doc. 29). Defendant Vail did not file a reply.

For the reasons set forth below, Defendant Vail and the County Defendants' motions to revoke Plaintiff's IFP status are GRANTED, and their motions to dismiss are DENIED without prejudice.

## BACKGROUND

In November 2023, Plaintiff was held in a Rockland County Courthouse holding cell, awaiting a court appearance. (Doc. 2 at 1).[4] While waiting, Plaintiff "discovered a ziplock/freezer bag . . . folded into" the size of a wallet. (*Id.* (cleaned up)).[5] Plaintiff found smaller bags within the "ziplock/freezer bag." (*Id.*). Some of these smaller bags contained a substance resembling "synthetic marijuana," while others contained a substance resembling "heroin." (*Id.*).

Plaintiff removed these smaller bags and "secreted" them in his shoe before being transported back to Rockland County Jail. Plaintiff then snuck these smaller bags into the County jail. (*Id.*). Shortly thereafter, Plaintiff "woke up at Nyack Hospital as a result of heroin/fentanyl ingestion." (*Id.*).

As a result of this incident, liberally construed, Plaintiff presses claims for deliberate indifference under § 1983 and common-law negligence under state law. (Doc. 1 at 2).

---

and thus, the parties have fully briefed the propriety of revoking Plaintiff's IFP status. *See Delux*, 2024 WL 3252948, at *12 n.11. Finally, in any case, the Court "may revoke a [P]laintiff's IFP status on motion, or sua sponte." *Bonano v. Costello*, No. 19-CV-00671, 2019 WL 3081058, at *2 (N.D.N.Y. July 15, 2019).

[4] Plaintiff lays out his factual allegations in a letter filed on the same day as the Complaint. Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

[5] Unless otherwise indicated, the Court, when quoting Plaintiff's filings, has altered capitalization for readability.

## STANDARD OF REVIEW

"Congress adopted the Prison Litigation Reform Act [("PLRA")] with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997).[6] To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Second Circuit has set forth the following elements for the imminent danger exception to apply: "as alleged in the complaint, (1) the danger must exist at the time the complaint is filed; (2) the feared physical injury must be serious; and (3) the complainant's claims of imminent danger are not conclusory or ridiculous." *Harnage v. Kenny*, 828 F. App'x 766, 768 (2d Cir. 2020) (citing *Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010)). While the Court, when performing the Section 1915(g) analysis, is "obligated to draw the most favorable inference that [Plaintiff's] complaint supports," it cannot "invent factual allegations that he has not pled." *Chavis*, 618 F.3d at 170.

## ANALYSIS

Defendants argue that Plaintiff has at least three "strikes" under the PLRA, and thus, the Court must revoke Plaintiff's IFP status. (Def. Vail Br. at 9-10; Doc. 16 at 4-19 (docket sheets); Cnty. Def. Br. at 12; Doc. 26, Ex. C (docket sheets)). The Court agrees.

Defendants identify at least six prior cases that Plaintiff filed while in prison that

---

[6] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Defendants assert were dismissed as frivolous, malicious, or for failure to state a claim. (Def. Vail Br. at 9-10; Cnty. Def. Br. at 12).[7] "A claim is frivolous where it lacks an arguable basis either in law or in fact." *Liner v. Fischer*, No. 11-CV-06711, 2012 WL 4849130, at *2 (S.D.N.Y. Oct. 12, 2012) (quoting *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004)); *accord Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (defining "frivolous" under § 1915(g) as "lack[ing] an arguable basis either in law or in fact"). The docket sheets for these cases reflect that at least three of them were dismissed as frivolous. Specifically, the court in those cases determined Plaintiff's claims "lack[ed] an arguable basis either in law or in fact." *See Clapp, et al. v. Kralik, et al.*, 92-CV-09097, Doc. 5 (S.D.N.Y. Mar. 30, 1993); *Clapp v. Solfano*, 93-CV-02293, Doc. 3 (S.D.N.Y. Apr. 9, 1993); *Clapp v. Damiani*, 93-CV-02341, Doc. 2 (S.D.N.Y. Apr. 12, 1993).[8] As such, these cases count as "strikes" within the meaning of § 1915(g).[9]

Plaintiff's arguments to the contrary do not change the result here. First, Plaintiff argues that his prior suits "have never been deemed 'frivolous.'" (Opp. at 1). Yet, as explained *supra*, a frivolous suit under § 1915(g) is one that "lacks an arguable basis either in law or in fact." *Liner*,

---

[7] Defendants also identify a seventh case that Plaintiff filed while in prison that was later dismissed: *Clapp v. Solfaro, et al.*, 93-CV-00216 (S.D.N.Y. Jan. 14, 1993). That case, however, was dismissed for failure to prosecute, *id.*, Doc. 14, and thus does not constitute a "strike" under § 1915(g), *see, e.g.*, *Crichlow v. Annucci*, No. 18-CV-03222, 2020 WL 3127804, at *2 (S.D.N.Y. June 11, 2020) ("[D]ismissals based on a plaintiff's failure to prosecute are not considered strikes.").

[8] The Court may rely on docket sheets where, like here, they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. *See Walker v. Cuomo*, No. 20-CV-02751, 2020 WL 2836826, at *2 n.3 (S.D.N.Y. June 1, 2020) (citing *Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010)).

[9] The Court cannot, at this juncture, determine whether the other three cases that Defendants identify count as "strikes." The court in one of these cases did not give a basis for dismissal. *See Clapp v. Gribetz*, 93-CV-02294, Doc. 2 (S.D.N.Y Apr. 9, 1993). The other two were dismissed "pursuant to 28 U.S.C. section 1915(d)." *See Clapp v. Monroe, et al.*, 93-CV-01630, Doc. 2 (S.D.N.Y. Mar. 16, 1993); *Clapp v. Branti, et al.*, 93-CV-01754, Doc. 2 (S.D.N.Y. Mar. 19, 1993). "Before the PLRA amended the IFP statute, 28 U.S.C. § 1915, in 1996, 28 U.S.C. § 1915(d) authorized a court to dismiss an IFP action if the allegation of poverty is untrue, or if the court is satisfied that the action is frivolous or malicious." *Walker*, 2020 WL 2836826, at *2 n.3 (cleaned up). The Court cannot determine, on this record, whether these dismissals pursuant to "section 1915(d)" were because Plaintiff's former actions were frivolous or malicious.

2012 WL 4849130, at *2. Second, Plaintiff spotlights that his prior suits were "filed before" the enactment of the "prison litigation reform act." (Opp. at 1). It is well-established, however that "pre-[PLRA] dismissals for frivolousness, maliciousness, or failure to state a claim count as 'strikes' for purposes of § 1915(g)." *Walker*, 2020 WL 2836826, at *2 n.2 (quoting *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000) (per curiam)); *see also Amaker v. Annucci*, No. 14-CV-09692, 2016 WL 5720798, at *9 n.16 (S.D.N.Y. Sept. 30, 2016) (same); *Muhammad v. Healy*, No. 08-CV-02825, 2008 WL 2945350, at *1 (S.D.N.Y. July 28, 2008) (same).

Because Plaintiff is subject to the three-strikes rule under § 1915(g), Plaintiff may only maintain his IFP status by alleging facts that satisfy the statutory requirement that he is "under imminent danger of serious physical injury." Plaintiff has failed to do so. Indeed, in his opposition, Plaintiff does not argue that he is in imminent danger of serious physical injury. Nor do any of Plaintiff's allegations demonstrate that he was or is in imminent danger. As a result, Plaintiff does not qualify for the imminent danger exception under § 1915(g).

Accordingly, because Plaintiff is barred by PLRA's three-strikes rule and does not qualify for the imminent danger exception, the Court revokes Plaintiff's IFP status pursuant to § 1915(g). *See McDaniels v. Fed. Bureau of Prisons*, No. 15-CV-06163, 2016 WL 6997525, at *3 n.2 (S.D.N.Y. Nov. 29, 2016) ("The three strikes rule applies regardless of the fact that Plaintiff has already been granted IFP status." (collecting cases)).

## CONCLUSION

For the foregoing reasons, Defendants' motions to revoke Plaintiff's IFP status are GRANTED. Plaintiff must pay the appropriate filing fees within 30 days of the date of this Order. If Plaintiff does not pay the fees within the time allowed, the Court will dismiss this action without prejudice. *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (per curiam); *Feelings v.*

*Dallis*, No. 18-CV-05893, 2020 WL 7024308, at *7 (E.D.N.Y. Nov. 30, 2020) (collecting cases), *adopted by*, 18-CV-05893 (E.D.N.Y. Nov. 30, 2020); *Conseillant v. Physician Povilon*, No. 23-CV-06386, 2023 WL 6608924, at *4 (S.D.N.Y. Oct. 10, 2023).

Defendants' motions to dismiss pursuant to Rule 12(b)(6) are DENIED without prejudice to renewal in the event that Plaintiff pays the filing fees as directed herein.

The Clerk of Court is respectfully requested to terminate the pending motions at Doc. 21 and Doc. 23.

**SO ORDERED.**

Dated: White Plains, New York
       June 30 2025

_____
PHILIP M. HALPERN
United States District Judge